216 N.J. Super. 219 (1987)
523 A.2d 278
JOSE ANDRE AND IRISABELA ANDRE, HIS WIFE, PLAINTIFFS-APPELLANTS,
v.
UNION TANK CAR COMPANY, INC.; "A" MANUFACTURING CO., A FICTITIOUS NAME REPRESENTING A DEFENDANT WHOSE IDENTITY IS UNKNOWN TO PLAINTIFFS; "B" DISTRIBUTING CO., A FICTITIOUS NAME REPRESENTING A DEFENDANT WHOSE IDENTITY IS UNKNOWN TO PLAINTIFFS, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued March 10, 1987.
Decided March 27, 1987.
*220 Before Judges MICHELS, O'BRIEN and LANDAU.
Forman, Forman, Cardonsky & Andril, for appellants (Robert A. Ungvary, of counsel and on the brief).
Carpenter, Bennett & Morrissey, for respondents (Robert E. Turtz, on the brief).
PER CURIAM.
Plaintiffs Jose Andre and Irisabela Andre, his wife, appeal from the R. 4:40-1 dismissal of their product liability suit against defendant Union Tank Car Company, makers of a railroad tank car from which Jose fell while at work venting the car for his employer, Essex Chemical Company. The opinion below was reported as Andre v. Union Tank Car Co., Inc., 213 N.J. Super. 51 (Law Div. 1985), where the facts and applicable law have been set forth.
We agree with Judge Sachar that the failure-to-warn issue, which survived plaintiffs' voluntary dismissal of their negligence and design defect claims, has been preempted by the Federal Railroad Safety Act, 45 U.S.C.A. § 421, et seq. and regulations enacted thereunder, and we affirm substantially for the reasons set forth in the cogent analysis of that issue contained in his opinion. R. 2:11-3(e)(1); Andre, 213 N.J. Super. *221 at 59-66. This conclusion makes it unnecessary for us to consider the question of duty-to-warn under New Jersey products liability law and we expressly refrain from approving or disapproving so much of the opinion below as treats with that issue.
Inasmuch as plaintiffs' case was properly dismissed under R. 4:40-1 prior to reaching the jury, their argument on appeal that mention of the negligence of Jose's employer, Essex Chemical Company, constituted reversible error is also moot.
Affirmed.