573 A.2d 522

TOWNSHIP OF MIDDLE, PLAINTIFF, v. PUBLIC DEVELOPERS CORPORATION, THE AMERICAN ARBITRATION ASSOCIATION, AND LOWELL F. CURRAN, JR., DEFENDANTS.

Superior Court of New Jersey
Chancery Division Cape May County

Decided January 31, 1990.

*Bruce M. Gorman* for plaintiff.

*Tina E. Bernstein* for defendant Public Developers Corporation (*Smithson & Graziano*, attorneys).

CALLINAN, J.S.C.

This matter comes on before this court on cross-motions for summary judgment. On or about July 15, 1988, defendant

Public Developers Corporation (hereinafter "Public") entered into a contract with the Township of Middle, a municipal corporation of the State of New Jersey, (hereinafter "Middle") for the construction of a sanitary sewer collection system designed to be installed in the Rio Grande East section of Middle Township. The funding for this proposed sewer project was provided by the Farmers Home Administration, an agency of the federal government (hereinafter "FHA").

The bid documents contained instructions from FHA regarding the necessity of retaining or withholding payment pursuant to Fm.HA instructions 1942–a and 1933–a, paragraph 19. This provision, entitled "PAYMENT TO CONTRACTOR," became part of the agreement between the parties and provides:

> The OWNER will, within ten (10) days of presentation of an approved partial payment estimate, pay the CONTRACTOR a progress payment on the basis of the approved partial payment estimate less the retainage. The retainage shall be an amount equal to 10% of the said estimate until 50% of the work has been completed.

Competitive sealed bids were accepted on May 11, 1988 and on or about July 15, 1988, plaintiff awarded the contract to Public. Public accepted the contract which enunciated the retainage provision cited above. After Public began work on the project and after it had commenced the drawing down of monies for work completed, Public objected to this retainage provision claiming it to be a violation of *N.J.S.A.* 40A:11–16.3. This litigation followed wherein Middle sues for compliance under preemption and estoppel theories. Public now moves for summary judgment and Middle cross moves for summary judgment as to whether 7 *C.F.R.* 1942.18(n)(10) or *N.J.S.A.* 40A:11–16.3 controls Middle's obligations to retain monies under the subject contract. Both parties agree that the outcome of this motion is dispositive of the suit. Public's position is based upon *N.J.S.A.* 40A:11–16.3, which states in pertinent part:

> With respect to any contract or agreement entered into by a contracting unit pursuant to section 1 of this act for which the contractor shall agree to the withholding of payments pursuant to P.L.1979, c. 152 (C.40A:11–16.1), 2% of the amount due on each partial payment shall be withheld by the contracting unit pending completion of the contract or agreement.

■ When Public broached the subject to Middle, the township communicated with FHA. FHA took the position that if the federal retainage requirements were not adhered to, the FHA funding of this project would be terminated. The sole issue in this case is whether the contractual 10% retainage requirement of FHA takes precedence over the provisions of *N.J.S.A.* 40A:11–16.3. The question that this case presents is one of first impression in this State.

Summary judgment is appropriate in this case as there is no dispute as to any material fact. *Judson v. People's Bank & Trust Co. of Westfield,* 17 *N.J.* 67, 110 *A.*2d 24 (1954).

The source of the federal regulation is 7 *C.F.R.* 1942.-18(n)(10), which states:

> All construction contracts shall contain adequate provisions for retainage.... The retainage shall not be less than an amount equal to 10% of an approved partial payment estimate until 50% of the work has been completed ... Additional amounts may be retained if the job is not proceeding satisfactorily, but in no event shall the total retainage be more than 10% of the value of the work completed.

■ The effect of the federal regulation is to require 5% retainage while the effect of the New Jersey statute is to require 2% retainage. Administrative rules and regulations are not statutes, but if otherwise valid, properly promulgated and extant, they have the weight, force and effect of law. *U.S. v. Mersky,* 361 *U.S.* 431, 80 *S.Ct.* 459, 4 *L.Ed.*2d 423 (1960); *Chrysler Corp. v. Brown,* 441 *U.S.* 281, 99 *S.Ct.* 1705, 60 *L.Ed.*2d 208 (1979); *U.S. v. Nixon,* 418 *U.S.* 683, 94 *S.Ct.* 3090, 41 *L.Ed.*2d 1039 (1974). Middle argues that the federal regulation preempts state law under the facts of this case.

In *McGlynn v. N.J. Public Broadcasting Authority,* 88 *N.J.* 112, 439 *A.*2d 54 (1981), our Supreme Court stated:

> State law is pre-empted in one of two situations: (1) where 'Congress has either explicitly or implicitly declared that the states are prohibited from regulating' in this area, *Ray v. Atlantic Richfield Co.,* 435 *U.S.* 151, 157, 98 *S.Ct.* 988, 994, 55 *L.Ed.*2d 179 (1978) or (2) where a state statute 'actually conflicts with a valid federal statute.' *Id.* at 158, 98 *S.Ct.* at 994. The test for determining whether actual conflict exists is 'whether, under the circumstances of [a] particular case, [the state's] law stands as an obstacle to the accomplishment and execution of

the full purposes and objectives of Congress.' *Hines v. Davidowitz*, 312 *U.S.* 52, 67, 61 *S.Ct.* 399, 404, 85 *L.Ed.* 581 (1941), quoted in *Jones v. Rath Packing Co.*, 430 *U.S.* 519, 526, 97 *S.Ct.* 1305, 1310, 51 *L.Ed.*2d 604 (1977). [88 *N.J.* at 137, 439 *A.*2d 54.]

It is clear that the state law has not been explicitly or implicitly preempted by Congress. *N.J.S.A.* 40A:11–16.3 is meant to apply to contracts whether federally funded or not. There is no doubt, however, that *N.J.S.A.* 40A:11–16.3 does in fact conflict with the retainage requirements of the federal regulation under the facts of this case.

Public argues that the appropriate test that this court should employ is "whether under the circumstances of a particular case the state's law stands as an obstacle to the full accomplishment and execution of the full purposes and objectives of Congress," citing *McGlynn v. N.J. Broadcasting Authority*, *supra* 88 *N.J.* at 137, 439 *A.*2d 54. *See also Lepore v. National Tool and Mfg. Co.*, 224 *N.J.Super.* 463, 540 *A.*2d 1296 (App.Div.1988).

In *Andre v. Union Tank Car Co., Inc.*, 213 *N.J.Super.* 51, 516 *A.*2d 277 (Law Div.1985), aff'd *per curiam* 216 *N.J.Super.* 219, 523 *A.*2d 278 (App.Div.1987), it was stated:

To determine whether plaintiff's claim is in conflict with the federal scheme, a two prong test is employed. *See Ray v. Atlantic Richfield*, 435 *U.S.* 151, 158, 98 *S.Ct.* 988, 994, 55 *L.Ed.*2d 179 (1978). This test, incorporated into 49 *C.F.R.* § 107.109(c), provides: (1) whether compliance with both the state or local requirement and the act or the regulations issued under the act is possible; and (2) the extent to which the state or local requirement is an obstacle to the accomplishment and execution of the act and the regulations issued under the act. [213 *N.J.Super.* at 62, 516 *A.*2d 277]

Public argues that the state public contract retainage requirements are intended to secure the proper performance of public works without unduly constricting the flow of monies to often times thinly capitalized contractors. Public maintains that one salutary effect of this philosophy is to encourage the entrance of smaller and usually minority controlled businesses into the arena of public contract bidding.

The FHA, on the other hand, has set guidelines which foster its main concern of obtaining security for the proper completion

of contracts which it has funded. In effect, Public urges this court to harmonize the FHA requirements of 5% retainage with state requirements by finding the FHA requirement unnecessary to the securing of proper performance by public contractors in light of the state statute which seeks to accomplish that very goal by less stringent measures. This reconciliation would result in the greater requirement being subsumed by the lesser. Such a finding would make little sense.

The responsibilities of the FHA are great and its funded projects are spread over vast distances with little local control by federal overseers. The experience gained over the years by the FHA puts it in a superior position to assess what controls best accomplish their objectives and insure their responsibilities. State funded projects occur without exception within state boundaries and are subject to close state administrative oversight and scrutiny. It is not surprising, therefore, that the standards for retainage as between state public contracts and FHA funded endeavors might differ.

█ Employing any analysis, this court cannot harmonize the retainage requirements under the federal regulation with the statutory requirements expressed in *N.J.S.A.* 40A:11–16.3. Congress has permitted the FHA to promulgate administrative regulations governing retainage requirements of their contracts. These requirements are designed and intended to insure that federally funded projects are properly completed. It is axiomatic that what the federal law permits the state law may not prohibit. *United Mine Workers of America v. Arkansas Oak Flooring Co.*, 351 *U.S.* 62, 76 *S.Ct.* 559, 100 *L.Ed.* 941 (1956). Where this occurs state law is preempted. *Kelly v. State of Washington*, 302 *U.S.* 1, 58 *S.Ct.* 87, 82 *L.Ed.* 3 (1937); *K. & T. Ry. Co. v. Haber*, 169 *U.S.* 613, 18 *S.Ct.* 488, 42 *L.Ed.* 878 (1898).

The narrow holding here is that *N.J.S.A.* 40A:11–16.3 as it pertains to contracts which incorporate and are subject to the mandate of 7 *C.F.R.* 1942.18(n)(10) is preempted.

Having so decided, this court need not address the estoppel arguments of plaintiff Middle Township. Accordingly, Public's motion for summary judgment is hereby denied. Middle Township's cross-motion for summary judgment is hereby granted.